## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ENERGY BATTERY GROUP, INC.,

      Plaintiff,

                                    Case No.

vs.

                                    **COMPLAINT AND**
                                    <u>**DEMAND FOR JURY TRIAL**</u>

ENERGY POWER SYSTEMS, LLC,

      Defendant.

_____

      Plaintiff, Energy Battery Group, Inc. ("Plaintiff"), by and through its counsel, Locke Lord LLP, for its complaint against defendant, Energy Power Systems, LLC ("Defendant"), states as follows, upon knowledge as to its own acts and otherwise upon information and belief:

### <u>NATURE OF THE ACTION</u>

      1.     This action arises from Defendant's willful infringement of Plaintiff's trademark rights in an effort to profit wrongfully from the substantial goodwill and reputation of Plaintiff. Over the past thirteen years, Plaintiff has been selling batteries, jump boxes, and related products and providing engineering services under the trademark ENERGY POWER.  Fully aware of the fame and reputation of the ENERGY POWER trademark, Defendant intentionally adopted a confusingly similar name, ENERGY POWER SYSTEMS, as the designation for Defendant's batteries and engineering services.

      2.     Plaintiff brings this action for trademark infringement and unfair competition under Federal and Michigan statutory and common law to ensure that the public is not confused, deceived or misled into purchasing Defendant's goods and services thinking that they originate with Plaintiff, and to enjoin Defendant from further acts of infringement and unfair competition.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Plaintiff's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., and substantial and related claims under the statutory and common law of the state of Michigan.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391 (b), because Defendant resides in this judicial district and is subject to the court's personal jurisdiction because events giving rise to these claims occurred within this judicial district.

## THE PARTIES

5.      Plaintiff is a corporation organized and existing under the laws of the state of Texas, having its principal place of business at 1800 Roswell Road, Suite 2200, Marietta, Georgia 30062.  Plaintiff designs, manufactures and sells batteries and related products and offers engineering services under the ENERGY POWER trademark.

6.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the state of Michigan, having its principal place of business at 711 Stephenson Highway, Troy, Michigan 48083.  Defendant sells batteries and related products and offers engineering services under the ENERGY POWER SYSTEMS trademark.

## PLAINTIFF AND THE ENERGY POWER TRADEMARKS

7.      Plaintiff has, since 2003, been offering its goods and services to the general consuming public and businesses.  Plaintiff's goods are primarily used for personal, family or household purposes.  Over this period, Plaintiff has become renowned for providing high-quality goods and services to meet its customers' personalized needs.

8.     Plaintiff's goods and services are sold and offered for sale under its various common law trademarks, including ENERGY POWER (collectively, the "Energy Power Trademarks").

9.     Plaintiff is the owner of U.S. Trademark Application Serial No. 86/563,401 for ENERGY POWER in connection with "electric storage batteries" (the "Energy Power Application").  Attached hereto as Exhibit A is a true and correct copy of the current status of the Energy Power Application from the United States Patent and Trademark Office ("USPTO") database.

10.     Plaintiff has advertised and promoted the goods and services offered under the Energy Power Trademarks throughout the United States. Plaintiff also relies on customer referrals, memberships to industry groups, and Internet advertising.  As a result of its efforts, and due to its longstanding exclusive use of its marks, the Energy Power Trademarks are widely-recognized and possess strong secondary meaning in the eyes of the public and the trade.  The Energy Power Trademarks immediately identify Plaintiff as the exclusive source of the products sold and services rendered in connection with those marks.  Consequently, the Energy Power Trademarks are an invaluable asset to Plaintiff.

11.     Further, over many years, Plaintiff has realized enormous success in its sales of goods and services offered under the Energy Power Trademarks, and has millions of dollars in sales in the United States.

12.     Moreover, Plaintiff always endeavors to maintain the reputation for quality associated with the Energy Power Trademarks.  Strict quality control standards are imposed in the design, manufacture and sales of products and the rendering of services under the Energy Power Trademarks.  Plaintiff's painstaking adherence to only the highest quality standards has

resulted in widespread and favorable public acceptance among consumers for all goods and services offered under the Energy Power Trademarks.

13.     As a result of Plaintiff's advertising and promotion, adherence to the highest quality standards, and sales success, the Energy Power Trademarks are widely-recognized, immediately identifying Plaintiff as the exclusive source of the goods and services they are sold in connection with, and those marks signify goodwill of incalculable value to Plaintiff.

## DEFENDANT'S UNLAWFUL ACTS

14.     Upon information and belief, Defendant sells batteries and offers engineering services to businesses and the general public under the ENERGY POWER SYSTEMS trademark, which is portrayed in stylized designs (the "Infringing Marks").  Defendant started using the Infringing Marks in or about June 2014, long after Plaintiff commenced use of the Energy Power Trademarks.  Defendant is using the Infringing Marks in connection with batteries which are primarily sold for personal, family or household products, as well as engineering services (the "Infringing Goods and Services").  The Infringing Goods and Services are identical to the goods sold and services rendered under the Energy Power Trademarks.

15.     In or about February and April 2016, Defendant filed the following U.S. Trademark Applications on an intent to use basis generally covering batteries in International Class 9 and engineering services in International Class 42:

| Trademark | App. No. |
|---|---|
| ENERGY POWER SYSTEMS | 85/589,224 |
|  | 85/589,239 |
|  | 86/183,728 |

| Trademark | App. No. |
|---|---|
| **energypower** S Y S T E M S | 86/183,755 |
| energypower S Y S T E M S | 86/183,765 |
| energypower S Y S T E M S | 86/183,807 |

The foregoing applications are collectively referred to as "Defendant's Applications."  Defendant claims first use of the ENERGY POWER SYSTEM trademark in United States commerce of June 4, 2014.  Attached as Exhibit B are true and correct copies of the current status of Defendant's Applications from the USPTO database

16.     The USPTO has refused registration of Plaintiff's Energy Power Application based on a likelihood of confusion with at least one of Defendant's pending trademark applications.  To remove the blocking citation caused by Defendant's Applications, Plaintiff must demonstrate priority of use for the Infringing Marks.

17.     Upon information and belief, Plaintiff competes in the marketplace for the same consumers as Defendant.

18.     Further, Defendant promotes and advertises its services online at *www.energypowersystems.com*.  A printout from Defendant's website is attached as Exhibit C.

19.     Upon information and belief, Defendant sells batteries and offers engineering services under the Infringing Marks throughout the state of Michigan and the United States.

20.     On May 20, 2016, Plaintiff sent a letter to Defendant requesting that it immediately cease all use of the Infringing Marks in connection with the Infringing Goods and Services.  Defendant failed to respond to Plaintiff's letter and, upon information and belief, has

continued to use the Infringing Marks in connection with batteries and engineering services.  A copy of the letter that Plaintiff sent to Defendant is attached as Exhibit D.

21.    Defendant's use of the Infringing Marks will likely cause consumer confusion in the marketplace, harm to the business reputation and goodwill of Plaintiff, and damage to Plaintiff's business relations with consumers and prospective consumers.

22.    Upon information and belief, Defendant is aware of the strength of the Energy Power Trademarks, and the goodwill symbolized thereby, and that the Infringing Marks cannot be used as an indicator of source or sponsorship for the services it is offering.  Accordingly, Defendant has been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Plaintiff's rights in the Energy Power Trademarks.

<u>**COUNT I**</u>
**Unfair Competition and False Designation of Origin (15 U.S.C. § 1125 (a))**

23.    Plaintiff realleges and incorporates paragraphs 1 through 22 of the Complaint.

24.    Defendant's use of the Infringing Marks in commerce and in connection with its goods and services is likely to cause confusion, mistake or deception: (i) as to the affiliation, connection or association with Plaintiff, and (ii) as to the origin, sponsorship or approval of its goods and services and the commercial activities by Plaintiff.

25.    Defendant's acts constitute a false designation of origin and unfair competition in violation of Section 43 (a) (1) (A) of the Lanham Act, 15 U.S.C. § 1125 (a) (1) (A).

26.    Upon information and belief, Defendant has acted with knowledge of the Energy Power Trademarks and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

27.     Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff.  Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

28.     Upon information and belief, by its acts, Defendant has made and will make substantial profits and gain to which it is not entitled in law or equity.

29.     Defendant's intentional and willful conduct has caused, and will continue to cause, Plaintiff irreparable harm unless enjoined and Plaintiff has no adequate remedy at law.

## <u>COUNT II</u>
### Common Law Trademark Infringement

30.     Plaintiff realleges and incorporates paragraphs 1 through 22 of the Complaint.

31.     Plaintiff owns all right, title, and interest in and to the Energy Power Trademarks as aforesaid, including all common law rights in such marks, and such marks are distinctive or have acquired distinctiveness.

32.     The aforesaid acts of Defendant constitute trademark infringement in violation of the common law of the state of Michigan.

33.     Upon information and belief, Defendant has acted with knowledge of the Energy Power Trademarks and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

34.     Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff.  Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

35.     Upon information and belief, by its acts, Defendant has made and will make substantial profits and gain to which it is not entitled in law or equity.

36.     Defendant's intentional and willful conduct has caused, and will continue to cause, Plaintiff irreparable harm unless enjoined and Plaintiff has no adequate remedy at law.

## <u>COUNT III</u>
### Common Law Unfair Competition

37.     Plaintiff realleges and incorporates paragraphs 1 through 22 of the Complaint.

38.     Defendant's use of the Infringing Marks in commerce in connection with its goods and services is intended to cause, has caused, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether the goods and services bearing the Infringing Marks originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

39.     Upon information and belief, Plaintiff competes with Defendant for a common pool of customers.

40.     Upon information and belief, Defendant has acted with knowledge of the Energy Power Trademarks and with the deliberate intent to deceive the general consuming public and the trade, and to benefit unfairly from the incalculable goodwill symbolized by the Energy Power Trademarks.

41.     The aforesaid acts of Defendant constitute unfair competition in violation of the common law of the state of Michigan.

42.     Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff.  Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

43.     Upon information and belief, by its acts, Defendant has made and will make substantial profits and gain to which it is not entitled in law or equity.

44.     Defendant's intentional and willful conduct has caused, and will continue to cause, Plaintiff irreparable harm unless enjoined and Plaintiff has no adequate remedy at law.

## COUNT IV

### Michigan Consumer Protection Act (Mich. Comp. Laws § 445.901 *et seq.*)

45.     Plaintiff realleges and incorporates paragraphs 1 through 22 of the Complaint.

46.     Defendant's use of the Infringing Marks in commerce in connection with its goods and services is intended to cause, has caused, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether the goods and services bearing the Infringing Marks originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

47.     The aforesaid acts of Defendant constitute a violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.*

48.     Upon information and belief, Defendant has acted with knowledge of the Energy Power Trademarks and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

49.     Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff.  Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

50.     Upon information and belief, by its acts, Defendant has made and will make substantial profits and gain to which it is not entitled in law or equity.

51.     Defendant's intentional and willful conduct has caused, and will continue to cause, Plaintiff irreparable harm unless enjoined, and Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1.      Finding that (i) Defendant has violated Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a); (ii) Defendant has engaged in trademark infringement and unfair competition under the common law of Michigan; and (iii) Defendant has violated the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq*.

2.      Granting an injunction preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from:

(a)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products or services which bear the Infringing Marks, the Energy Power Trademarks, or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of Plaintiff's rights in the Energy Power Trademarks, or any other trademark owned by Plaintiff; and

(b)     engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive the public and/or the trade.

3.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any good or service at issue in this case

that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale or sold by Defendant, has been authorized by Plaintiff, or is related to or associated in any way with Plaintiff or its products and services.

4.      Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117 and Michigan law, and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

5.      Awarding Plaintiff its actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117 and Michigan law.

6.      Awarding Plaintiff statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

7.      Awarding Plaintiff its costs, investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117 and Michigan law.

8.      Awarding Plaintiffs its attorney fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

9.      Requiring Defendant to deliver to Plaintiff for destruction or other disposition all remaining inventory of all products bearing the Infringing Marks, including all advertising, promotional and marketing materials therefor, as well as all means of making same.

10.      Requiring Defendant to remove from the websites at the domain name *www.energypowersystems.com* all advertising, promotional, and marketing materials and information bearing or incorporating the Infringing Marks.

11.     Requiring Defendant to assign to Plaintiff the domain name

*www.energypowersystems.com*, as well as other domain names that are confusingly similar to the

Energy Power Trademarks.

12.     Requiring Defendant to expressly abandon each of Defendant's Applications.

13.     Awarding Plaintiff pre- and post-judgment interest on any monetary award made

part of the judgment against Defendant.

14.     Awarding Plaintiff such additional and further relief as the Court deems just and

proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a jury trial on all issues so triable that are raised by this

Complaint.

Date:     August 9, 2016              LOCKE LORD LLP
          Hartford, CT

                                      By:   /Donald E. Frechette/
                                            Donald E. Frechette (MI Bar No. P33240)
                                            20 Church Street, 20th Floor
                                            Hartford, CT 06103
                                            (860) 525-5065
                                            *Attorney for Plaintiff Energy Battery*
                                            *Group, Inc.*